UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| MARK DOWNEY, | CIV. NO. 19-00406 LEK-WRP |
| --- | --- |
| Plaintiff, | |
| vs. | |
| US OF AMERICA, ET AL., | |
| Defendants. | |

**ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR A CIVIL CASE AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

On July 29, 2019, pro se Plaintiff Mark Downey ("Plaintiff") filed his Complaint for a Civil Case ("Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 2.] The Court has considered the Application as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). For the reasons set forth below, the Complaint is hereby dismissed without prejudice. In other words, Plaintiff has permission to file an amended complaint to try to cure the defects in the Complaint. Because Plaintiff is allowed to file an amended complaint, the Application will not be ruled upon until the amended complaint is filed and screened.

**BACKGROUND**

Plaintiff states he "is a former Consulting Federal Forensic Scientist/Technologist/Programmer on a Federal Disability," who "has lived and worked in Northern Virginia, Washington DC suburbs for 50 years." [Complaint at pg. 7.[1]] He asserts this action "is mandated by the qui tam, the False Claims Act and the Dodd-Frank Act to generate revenues for the Federal Government to dramatically reduce the mounting $21 Trillion Federal Budget Deficit for our Children's Children." [Id. at pg. 4.] Plaintiff asserts the amount of the budget deficit should be allocated "70% for the Federal Government and 30% for the Disabled Plaintiff." [Id.]

He also states he spent five years working on a whistleblower claim that was unjustly denied. [Id.] Plaintiff asserts "Count A," [id. at pgs. 20-27,] and Counts 1 through 45, [id. at pgs. 28-75]. Plaintiff asserts federal question jurisdiction, bringing his claims pursuant to "18USC1361, 49USC40115, 18USC1519, 118USC2255, USC371, 18USC241, 5USC552, 49USC49115, 18USC1621, qui tam, ADA Personal Injury, Destruction of Government Property, Civil Rights,, [sic] Constitution 8th

---

[1] The Complaint contains multiple parts that are not consecutively paginated. Therefore all citations to the Complaint refer to the page numbers assigned in the district court's electronic case filing system.

2

Amendment." [Id. at pg. 3.] Plaintiff has named the following defendants: the United States of America ("United States"); the Department of Justice – Attorney General ("Attorney General"); Department of Justice – United States Attorney ("U.S. Attorney"); Kamehameha Schools; and the Financial Industry Regulatory Authority ("FINRA"). [Id. at pgs. 6-7.]

## STANDARD

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). . . . "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a

"party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (citation omitted), *reconsideration denied*, 2017 WL 830966 (Mar. 2, 2017).

## DISCUSSION

**I. Kamehameha Schools**

The Court turns first to the one party – Defendant Kamehameha Schools[2] – that is located in Hawai`i. See Complaint at pgs. 7, 84.[3] Plaintiff only refers to Kamehameha Schools twice in the eighty-six-page Complaint, once in the caption and once in the section titled "Federal Criminal Subject Matter Jurisdiction – Follow-On Summary," under "Relief Claimed." [Id.

---

[2] Plaintiff mistakenly refers to Kamehameha Schools as "Kameha Meha Schools." See, e.g., Complaint at pg. 7.

[3] Plaintiff intends to serve the U.S. Attorney through United States Attorney for the District of Hawai`i Kenji Price. [Complaint at pg. 6.] This is consistent with the requirements for service upon either the United States, a United States agency or corporation, or a United States officer or employee. See, e.g., Fed. R. Civ. P. 4(i)(1) ("To serve the United States, a party must: (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . ."). There is no indication in the Complaint either that Plaintiff intended to name Kenji Price as a defendant or that Plaintiff's claims against the U.S. Attorney arise out of actions and/or omissions in Hawai`i.

5

at pgs. 83-84 (emphases omitted).] Plaintiff apparently asserts Kamehameha Schools is "[h]oarding" its assets and that he is entitled to $62.088 billion in compensatory and punitive damages from Kamehameha Schools. [Id. at pg. 85.]

The screening analysis described above requires a determination of whether Plaintiff's claim against Kamehameha Schools states a claim upon which relief can be granted, in other words, whether it would survive a motion to dismiss brought pursuant to Rule 12(b)(6). See Lopez, 203 F.3d at 1126-27; Rule 12(b)(6) (stating the defense of "failure to state a claim upon which relief can be granted" may be asserted in a motion). Plaintiff's claim against Kamehameha Schools would not survive a motion to dismiss because: 1) it is unclear what claim he is asserting against Kamehameha Schools; and 2) Plaintiff has not plead sufficient factual allegations that, if proven, would entitle Plaintiff to the relief he seeks from Kamehameha Schools. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)); id. ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citation omitted)). Among the factual

allegations that are lacking in the Complaint are allegations that would support a plausible basis for Plaintiff's standing to bring a claim against Kamehameha Schools. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).[4] Because Plaintiff has failed to allege a plausible claim against Kamehameha Schools, Plaintiff's claim against Kamehameha Schools is dismissed.

## II. Venue

It appears that venue is not appropriate in this district because, after the dismissal of Kamehameha Schools, none of the parties are citizens of Hawai`i. Further, none of the allegations in the Complaint arise out of actions or

---

[4] The United States Supreme Court has described the elements of standing as follows:

> First, the plaintiff must have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of — the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan, 504 U.S. at 560-61 (brackets, ellipses, footnote, citations, and internal quotation marks omitted). A "particularized" injury "must affect the plaintiff in a personal and individual way." Id. at 560 n.1.

7

omissions in the State of Hawai`i. "Venue in federal courts is governed by statute." Spagnolo v. Clark Cty., CIVIL NO. 15-00093 DKW-BMK, 2015 WL 7566672, at *2 (D. Hawai`i Nov. 24, 2015) (citing Leroy v. Great Western United Corp., 443 U.S. 173, 181 (1979)).[5] "The plaintiff has the burden of showing that venue is proper in this district." Id. (citing Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979)).

### A. 28 U.S.C. § 1391(e)(1)

Plaintiff is suing the Attorney General and the U.S. Attorney as part of the Department of Justice. See, e.g., Complaint at pg. 6. Although not expressly stated, based upon the allegations of the Complaint, it appears that Plaintiff is suing the Attorney General and the U.S. Attorney in their official capacities. See, e.g., id. at pg. 40 ("The Individual Department/Agency is responsible, with the entire oversight being the DOJ Attorney General and the DOJ US Attorney."). 28 U.S.C. § 1391(e)(1) provides, in pertinent part:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any

---

[5] Leroy addressed an older version of 28 U.S.C. § 1391(b). See 443 U.S. at 179.

8

> judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action. . . .

District courts within the Ninth Circuit have generally ruled that federal agencies are deemed residents of the District of Columbia, regardless of the locations of their regional offices. See, e.g., Al Hada v. Pompeo, Case No. CV 18-8002-DMG (JPRx), 2018 WL 6264999, at *2 (C.D. Cal. Sept. 17, 2018) (denying motion for preliminary injunction because venue in the Central District of California was improper against the federal individual defendants and federal agency defendants); Tsi Akim Maidu of Taylorsville Rancheria v. United States Dep't of Interior, Case No. 16-cv-07189-LB, 2017 WL 2289203, at *2 (N.D. Cal. May 25, 2017) (noting that "[g]enerally, all federal defendants reside in Washington, D.C.," and "[v]enue does not lie in every judicial district where a federal agency has a regional office" (citations and internal quotation marks omitted)). Thus, the Department of Justice, as well as the Attorney General and U.S. Attorney, whom Plaintiff is suing in their official capacities, are residents of Washington D.C. for purposes of the venue analysis.

The United States, like its agencies, is considered to reside in Washington D.C. for purposes of § 1391(e)(1)(A). See,

e.g., RAJMP, Inc. v. United States, Civil Action No. 18-cv-03045-PAB, 2019 WL 2613304, at *2 (D. Colo. May 9, 2019) (citing Greene v. U.S. Postal Serv., 745 F. App'x 299, 300 (10th Cir. 2018) (unpublished) (citing Reuben H. Donnelly Corp. v. FTC, 580 F.2d 264, 267 (7th Cir. 1978), for the proposition that the "residence of a federal agency is ordinarily limited to the District of Columbia")). The fact that there is a United States Attorney for the District of Hawai`i does not render the United States a resident of Hawai`i for purposes of venue. See, e.g., Buckley v. United States, No. 1:13-CV-17, 2013 WL 2242995, at *4 (E.D. Tenn. May 21, 2013) ("Merely because a United States Attorney's office is located in this district — as is the case throughout the country — does not mean it is proper for Plaintiffs to file their suit [in that district] under the circumstances."). Because the United States, the Attorney General, and the U.S. Attorney (collectively "Federal Defendants") are all residents of Washington D.C. for purposes of venue, § 1391(e)(1)(A) does not apply.

Section 1391(e)(1)(B) does not apply because the Complaint does not allege facts that would support the reasonable inference that any of the actions or omissions giving rise to Plaintiff's claims against the Federal Defendants occurred in the State of Hawai`i. As to § 1391(e)(1)(C), there is no real property at issue in this action, but Plaintiff does

not reside in Hawai`i.  See Complaint at pg. 1 (Plaintiff's address in McLean Fairfax); id. at pg. 3 (stating Plaintiff is a Virginia citizen).  Thus, § 1391(e)(1)(C) does not apply.  Accordingly, venue is not appropriate as to the Federal Defendants under any of the criteria set forth in § 1391(e)(1).

**B.   Section 1391(b)**

Section 1391(e) does not apply to FINRA, which Plaintiff alleges "is a non-profit."  See Complaint at pg. 20; see also In re Lynch, Bankruptcy No. 11-62730-fra7, 2012 WL 3780539, at *1 (Bankr. D. Or. Aug. 31, 2012) (noting FINRA is "not a government agency").  It must therefore be determined whether the general venue statute, 28 U.S.C. § 1391(b), provides for venue in this district as to Plaintiff's claims against FINRA.  Section 1391(b) provides that a civil action may be brought in any of the following:

> (1)  a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3)  if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Section 1391(b)(1) does not apply because FINRA appears to reside in Maryland. See, e.g., Complaint at pg. 7. Section 1391(b)(2) does not apply because Plaintiff has not alleged that a substantial part of the actions and omissions that give rise to his claims against FINRA occurred in Hawai`i. Because neither § 1391(b)(1) nor (b)(2) apply, venue could be appropriate under (b)(3), if personal jurisdiction over FINRA exists.

> The district court considers two factors before exercising personal jurisdiction over a nonresident defendant . . . : "(1) whether an applicable state rule or statute potentially confers jurisdiction over the defendant; and (2) whether assertion of such jurisdiction accords with constitutional principles of due process." Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1392 (9th Cir. 1984). "The jurisdictional inquiries under state law and federal due process merge into one analysis" when, as here, the state's long-arm statute is "co-extensive with federal due process requirements." Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). See Cowan v. First Ins. Co. of Hawaii, 61 Haw. 644, 649, 608 P.2d 394, 399 (1980) (Hawaii's long-arm statute, Haw. Rev. Stat. § 634-35, was adopted to expand the jurisdiction of Hawaii's courts to the extent permitted by the due process clause of the Fourteenth Amendment). Accordingly, personal jurisdiction over [the defendant] depends on federal due process requirements.
>
> The Due Process Clause protects a person's "liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471–72, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (quoting Int'l Shoe Co. v. Washington,

326 U.S. 310, 319, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). The Due Process Clause requires that defendants have "certain minimum contacts with [Hawaii] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316, 66 S. Ct. 154; Data Disc, Inc. v. Systems Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). The minimum contacts required mean that the defendant must have purposefully availed itself of the privilege of conducting activities within the foreign jurisdiction, thereby invoking the benefits and protections of the foreign jurisdiction's laws. See Asahi Metal Indus. Co. v. Sup. Court of Cal., Solano County, 480 U.S. 102, 109, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987). In applying Due Process Clause requirements, courts have created two jurisdictional concepts – general and specific jurisdiction.

A court may exercise general jurisdiction over the defendant when the defendant is a resident or domiciliary of the forum state, or the defendant's contacts with the forum state are continuous, systematic, and substantial. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414–16, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984); Data Disc, 557 F.2d at 1287 ("If the nonresident defendant's activities within a state are 'substantial' or 'continuous and systematic,' there is a sufficient relationship between the defendant and the state to support jurisdiction even if the cause of action is unrelated to the defendant's forum activities."). . . .

Specific jurisdiction, on the other hand, may be found when the cause of action arises out of the defendant's contact or activities in the forum state. See Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991); Data Disc, 557 F.2d at 1287. To ensure that the exercise of specific jurisdiction is consistent with due process in this particular case, this court must be satisfied that the following have been shown:

13

> 1) the nonresident defendant must have
> purposefully availed himself of the
> privilege of conducting activities in the
> forum by some affirmative act or conduct;
> 2) plaintiff's claim must arise out of or
> result from the defendant's forum-related
> activities; and 3) exercise of jurisdiction
> must be reasonable.
>
> Roth, 942 F.2d at 620-21.

Maui Elec. Co. v. Chromalloy Gas Turbine, LLC, 942 F. Supp. 2d 1035, 1041-42 (D. Hawai`i 2013) (some alterations in Maui Elec.) (footnote omitted).

First, nothing in the Complaint indicates that FINRA is either a resident of the State of Hawai`i, or that it has any contacts with Hawai`i that are so "continuous, systematic, and substantial" that general jurisdiction is warranted. See Helicopteros, 466 U.S. at 416. Because Plaintiff has failed to allege that FINRA is either a resident of or has substantial contacts with Hawai`i, general jurisdiction over FINRA is lacking. Second, none of the allegations in the Complaint regarding FINRA arise from its contact with, or any activities in, Hawai`i. Plaintiff's claims against FINRA center around his allegation that FINRA overpays its executives. See, e.g., Complaint at pg. 84. The Complaint does not allege any allegedly overpaid FINRA executive works in the State of Hawai`i.

Because Plaintiff has not alleged FINRA has any forum-related activities, specific personal jurisdiction cannot be exercised over FINRA. Because the Complaint does not plead a basis for either general or specific personal jurisdiction over FINRA, this Court concludes that it does not have personal jurisdiction over Plaintiff's claims against FINRA. Accordingly, venue as to FINRA under § 1391(b)(3) is not appropriate, and the Complaint fails to allege a basis for venue in the District of Hawai`i as to any of the remaining defendants in this case.

**III. Dismissal or Transfer**

Once a district court determines that a case has been filed in the wrong division or district, it should either "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "A court should examine a plaintiff's claim to determine whether the interests of justice require transfer instead of dismissal." Rosiere v. United States, CIVIL NO. 16-00260 HG-RLP, 2016 WL 3408848, at *2 (D. Hawai`i June 1, 2016) (citing King v. Russell, 963 F.2d 1301, 1305 (9th Cir. 1992)), *report and recommendation adopted as modified on other grounds*, 2016 WL 3440566 (June 20, 2016). Plaintiff has filed similar cases in several other districts, many of which have been dismissed. See, e.g., Downey v. United

15

States, Case No. 19-22678-CIV-WILLIAMS (S.D. Fla.), Order Dismissing Case, filed 7/1/19 (dkt. no. 4); Downey v. United States, 19-CV-5985(CM), 19-CV-6646(CM) (S.D.N.Y), Order of Dismissal and to Show Cause under 28 U.S.C. § 1651, filed 8/5/19 (dkt. no. 4); Downey v. United States, et al., Civil Action No. 19-11414-RGS (D. Mass.), Order, filed 6/28/19 (dkt. no. 6). Other similar cases are still pending. See, e.g., Downey v. United States, et al., CIV 19-218-RAW (E.D. Ok.), Complaint for a Civil Case, filed 7/10/19 (dkt. no. 2); Downey v. United States, et al., Case: 4:19-cv-018344-SPM (E.D. Mo.), Complaint for a Civil Case, filed 6/26/19 (dkt. no. 1); Downey v. United States, et al., Case: 4:19-cv-03717-HSG (N.D. Cal.), Complaint for a Civil Case, filed 6/26/19 (dkt. no. 1).

In light of the actions that Plaintiff has filed in other districts, the interests of justice do not require transfer of the instant case. The remaining claims in Plaintiff's Complaint are therefore dismissed, based on improper venue.

**IV. Leave to Amend**

Because Plaintiff is pro se and it is arguably possible for Plaintiff to cure the deficiencies identified in the Complaint, leave to file an amended complaint must be granted. See Lucas, 66 F.3d at 248. If Plaintiff chooses to file an amended complaint, he must do so by **October 4, 2019**, and

16

the amended complaint must: 1) allege a plausible claim for relief against Kamehameha Schools; 2) allege facts that would support a conclusion that this Court has personal jurisdiction over FINRA; and 3) allege facts that would support a conclusion that venue is appropriate in this judicial district as to all of the defendants.  Plaintiff's amended complaint must include all of the claims that he wishes to allege, and all of the allegations that his claims are based upon, even if he previously presented them in the original Complaint.  He cannot incorporate any part of his original Complaint into the amended complaint by merely referring to the original Complaint.  Plaintiff is cautioned that, if he fails to file his amended complaint by **October 4, 2019**, or if the amended complaint fails to cure the defects identified in this Order, his claims will be dismissed with prejudice – in other words, without leave to amend.  Plaintiff would then have no remaining claims in this district court, and the Clerk's Office would be directed to close the case.

Only a preliminary screening of the Complaint has been conducted.  If Plaintiff files an amended complaint, a further screening will be conducted, including – but not limited to – analyzing whether each of Plaintiff's claims satisfies the Rule 12(b)(6) standard.

**V. Application**

Insofar as the Complaint has been dismissed with leave to amend, it is not appropriate to rule on the Application at this time. This Court will therefore reserve ruling on the Application until Plaintiff files an amended complaint. If any portion of Plaintiff's amended complaint survives the screening process, this Court will then rule upon the Application and address whether Plaintiff is entitled to proceed without prepaying fees and costs.

**CONCLUSION**

On the basis of the foregoing, Plaintiff's Complaint for a Civil Case, filed July 29, 2019, is HEREBY DISMISSED. The dismissal is WITHOUT PREJUDICE to the filing of an amended complaint that cures the defects identified in this Order. Plaintiff is GRANTED leave to file his amended complaint by **October 4, 2019**. The amended complaint must comply with the terms of this Order.

In addition, the Court HEREBY RESERVES RULING on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed July 29, 2019. If Plaintiff chooses to file an amended complaint, and at least a portion of it survives the screening process, the merits of the Application will be addressed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, August 30, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

MARK DOWNEY VS. US OF AMERICA, ET AL.; CV 19-00406 LEK-WRP; ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR A CIVIL CASE AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS